COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued by teleconference


MARION SWANN, S/K/A
 MARION ANTHONY SWANN
                                    MEMORANDUM OPINION* BY
v.          Record No. 2831-96-3    JUDGE NELSON T. OVERTON
                                       JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

            K. Howard Sharp (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Marion Swann (defendant) appeals his convictions of assault

and battery against a family member, in violation of Code

§ 18.2-57.2, and of summary contempt due to his failure to appear

at trial, in violation of Code § 18.2-456(5).  He argues on

appeal that 1) the lower court should have accepted his claim of

self-defense against the charge of assault and battery and 2) he

did not willfully fail to appear for trial because he was

visiting a sick brother in the hospital.  Because we find that

his arguments are without merit, we affirm both convictions.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

―――――――――――――――
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The evidence on appeal is taken in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The question of whether self-defense has been established is an issue for the fact finder, in this case the trial judge. See Callahan v. Commonwealth, 192 Va. 26, 30-31, 63 S.E.2d 617, 619 (1951). The trial judge found that defendant kicked his wife in the groin after being pushed by her from behind. Because such a painful kick was an unreasonable response to the victim's relatively minor blow, the trial judge refused to accept defendant's claim of self-defense. Because we cannot say that this finding was plainly wrong or without support, we affirm. Code § 8.01-608.

Code § 18.2-456(5) allows courts to punish summarily a defendant's willful failure to appear for trial. Willfulness is implied when there is proof that the defendant received timely notice and he didn't appear. Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993). Here, defendant requests that a "sick friend" exception to the summary contempt power be created because he was at a hospital visiting his brother. We decline defendant's invitation to do so. Had the General Assembly intended such an exception they could have created it by statute. See Philip Morris Incorporated v. Emerson, 235 Va. 380, 406, 368 S.E.2d 268, 282 (1968) (holding that courts will not invent exceptions to settled law even for substantial or

2

sympathetic cause).  Because it has not, and defendant admits that he had notice of trial and yet did not appear, we affirm the conviction.

The evidence is more than sufficient to support both convictions.  Thus, we affirm.

<u>Affirmed.</u>